IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES W. RILEY,                         §
                                        §
    Defendant Below,                    §   No. 245, 2020
    Appellant,                          §
                                        §   Court Below—Superior Court
    v.                                  §   of the State of Delaware
                                        §
STATE OF DELAWARE,                      §   Cr. ID No. 0004014504 (K)
                                        §
    Plaintiff Below,                    §
    Appellee.                           §

Submitted:   August 11, 2020
Decided:     September 1, 2020

Before **SEITZ,** Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

### ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, James Riley, appeals from the Superior Court's denial of his motion for reconsideration of the court's denial of his motion to reopen the proceedings on his second motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Riley's opening brief that the appeal is without merit. We agree and affirm.

(2) In 2003, Riley was convicted of felony murder and other offenses and was sentenced to life imprisonment plus twenty-five years. Riley proceeded *pro se* at trial as well as on direct appeal. In 2004, this Court affirmed on direct appeal.[1] In 2012 the Court affirmed the denial of Riley's first motion for postconviction relief.[2]

(3) Riley filed a second motion for postconviction relief, which the Superior Court denied on April 1, 2013. This Court affirmed the denial of that motion on January 9, 2014.[3] More than four years later, on July 24, 2018, Riley filed a motion to reopen his second motion for postconviction relief, asserting that the United States Supreme Court's decision in *McCoy v. Louisiana*[4] provided a basis for relief. The Superior Court denied the motion as untimely and also observed that Riley had not established that the court had "overlooked controlling precedent or legal principles or misapprehended the law or facts" that would change the court's decision. Riley filed a motion for reconsideration in the Superior Court and an appeal to this court. The Superior Court stayed consideration of the motion for reconsideration pending appeal. Riley later voluntarily dismissed the appeal,[5] and the Superior Court ultimately denied the motion for reconsideration because the motion did not assert any new grounds for relief. Riley has appealed to this Court.

---

[1] *Riley v. State,* 2004 WL 2850093 (Del. Oct. 20, 2004).
[2] *Riley v. State,* 2012 WL 252405 (Del. Jan. 26, 2012).
[3] *Riley v. State*, 2014 WL 98643 (Del. Jan. 9, 2014).
[4] 138 S. Ct. 1500 (2018).
[5] *Riley v. State*, 483, 2018, Docket Entry No. 9 (Del.) (filed Sept. 28, 2018).

(4) Superior Court Criminal Rule 61 does not provide any procedure for the "reopening" of a postconviction proceeding or for the reconsideration of a denial of a motion to reopen a postconviction proceeding.[6] In the absence of an applicable rule of criminal procedure, the rules of civil procedure apply.[7] Under Superior Court Civil Rule 59, a motion for reargument must be filed and served within five days after the filing of the court's decision.[8] The Superior Court therefore appropriately determined that Riley's motion to reopen the proceedings on his second motion for postconviction relief—which he filed more than five years after the Superior Court denied his second motion for postconviction relief—was untimely.[9] We therefore find no basis for reversing the Superior Court's denial of Riley's motion for reconsideration of the denial of the motion to reopen.

(5) Finally, Riley's reliance on *McCoy*[10] does not overcome the procedural bars of Rule 61 by pleading with particularity a new rule of constitutional law that

---

[6] *See Roten v. State*, 2013 WL 3206746, at *1 (Del. June 21, 2013) ("[I] in the absence of any procedure under [Superior Court Criminal] Rule 61 for the 'reopening' of a postconviction proceeding, the Superior Court properly relied on [Superior Court Civil] Rule 59 in denying Roten's motion.").

[7] *Id.* *See also* DEL. SUPER. CT. CRIM. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule . . . .").

[8] DEL. SUPER. CT. CIV. R. 59(e).

[9] *See Roten*, 2013 WL 3206746 (affirming denial of motion to reopen postconviction proceedings as untimely under Civil Rule 59).

[10] 138 S. Ct. 1500.

applies retroactively to his case and renders his convictions invalid.[11] The decision in *McCoy* is consistent with this Court's decade-old decision in *Cooke v. State*.[12] Moreover, *McCoy* held that the defendant's Sixth Amendment rights were violated when his counsel, contrary to the defendant's express instructions, conceded the defendant's guilt.[13] That holding does not apply to this case, in which Riley elected to represent himself at trial because of disagreements with his counsel regarding how the case should be litigated.

---

[11] *See Weber v. State*, 2020 WL 4360783 (Del. July 29, 2020) ("Contrary to the appellant's contentions, he did not plead with particularly a new rule of constitutional law that applied to his case retroactively and rendered his convictions invalid. The United States Supreme Court's decision in *McCoy v. Louisiana* is consistent with this Court's decision in *Cooke v. State* and does not apply to the appellant's claim that his counsel should have pursued a particular defense at trial." (citations omitted)).

[12] 977 A.2d 803, 842-46 (Del. 2009) (holding that defense counsel's pursuit of a guilty but mentally ill verdict over the defendant's repeated objections violated the defendant's Sixth Amendment right to make fundamental decisions).

[13] *See McCoy*, 138 S. Ct. at 1505 ("We hold that a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experience[]-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty. Guaranteeing a defendant the right 'to have the *Assistance* of Counsel for *his* defence,' the Sixth Amendment so demands. With individual liberty—and, in capital cases, life—at stake, it is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt in the hope of gaining mercy at the sentencing stage, or to maintain his innocence, leaving it to the State to prove his guilt beyond a reasonable doubt.").

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice